# THE ATTORNEY GENERAL
## OF TEXAS
ATTORNEY GENERAL



August 12, 1977

Honorable Jesse James                 Opinion No. H-1040
State Treasurer
P. O. Box 12608, Capitol Station      Re: Disposition of interest
Austin, Texas 78711                   from the Employees Life,
                                      Accident and Health Insurance
                                      and Benefits Fund Account.

Dear Mr. James:

You inquire about the disposition of interest on the Employees Life, Accident and Health Insurance and Benefits Fund Account, known as Fund No. 973. The Fund, created by article 3.50-2, section 16, of the Insurance Code, consists of contributions for group life, accident and health insurance made by the state and state employees. It was "created with the treasury of the State of Texas" to be administered by the trustees of the Employees Retirement System. Ins. Code art. 3.50-2, §§ 3(11), 16(a). You wish to know whether interest earned on time deposits made by the Treasurer from Fund 973 should be credited to the Fund itself or deposited into the General Revenue Fund pursuant to article 2543d, V.T.C.S.

Article 2543d, V.T.C.S., provides in part:

> Sec. 1. Interest received on account of time deposits of moneys in funds and accounts in the charge of the State Treasurer shall be allocated as follows: To each constitutional fund there shall be credited the pro rata portion of the interest received due to such fund. The remainder of the interest received, with the exception of that portion required by other statutes to be credited on a pro rata basis to protested tax payments, shall be credited to the General Revenue Fund. The interest received shall be allocated on a monthly basis.

Attorney General Opinion M-468 (1969) held that article 2543a did not apply to interest on federal funds granted to the State

for specific purposes. Characterizing them as trust funds, the opinion determined that any income became part of the fund, to be used only for the purposes for which the grant was made, and not for the general operation of State government.

We believe that Fund 973 is also a trust fund as were the federal funds discussed in Attorney General Opinion M-468. It is administered by a trustee with considerable discretion as to how the fund shall be invested and spent. Ins. Code art. 3.50-2, §§ 4, 16(c). Although the trustee may pay administration expenses only within limitations specified annually by the legislature, it may pay for insurance coverages without fiscal year limitation. Id. § 16(a). The Fund may, of course, be spent only for insurance coverage and administration expenses. The trustee which administers Fund 973 also administers the Employees Retirement System Funds, which this office has determined to be trust funds. Attorney General Opinion WW-565 (1959); see Letter Advisory No. 132 (1977). Interest on investments of Fund 973 is expressly made part of the fund. Ins. Code 3.50-2, § 16(c). We believe that interest on time deposit accounts, although it is not interest on an investment, see Lawson v. Baker, 220 S.W. 260, 268 (Tex. Civ. App. -- Austin 1920, writ ref'd), must also become part of the fund. As a trust fund, it is not subject to the provisions of article 2543d. See Attorney General Opinion O-3607 (1941).

S U M M A R Y

Interest on time deposits of the Employees Life, Accident and Health Insurance and Benefits Fund Account must be credited to the Fund itself and not deposited to the General Revenue Fund pursuant to article 2543d, V.T.C.S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst